# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

Lyle W. Cayce
Clerk

No. 19-50745
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

ARMANDO PEREZ-GAVALDON,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:19-CR-1740-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Armando Perez-Gavaldon was charged with illegal reentry following removal, in violation of 8 U.S.C. § 1326. The district court granted Perez-Gavaldon's motion to dismiss the indictment, finding that in light of the Supreme Court's decision in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the initial notice to appear in Perez-Gavaldon's removal proceedings was defective because it failed to specify the initial hearing's time and date. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

held that the immigration court therefore lacked jurisdiction and that the removal order was void. The Government appeals, arguing that the district court's dismissal of the indictment was erroneous in light of two cases we decided while this appeal was pending, *Pierre-Paul v. Barr*, 930 F.3d 684 (5th Cir. 2019), and *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019). The Government also filed an unopposed motion for summary disposition.

*Pereira* addressed 8 U.S.C. § 1229b, which provides that under certain circumstances, an immigration judge may in her discretion cancel the deportation of an illegal immigrant who has remained in the United States continuously for ten years. *Pereira*, 138 S. Ct. at 2112–16. Section 1229b provides that this period ends if the immigrant is given a "notice to appear" as defined in another statutory provision. *Id.* at 2116. The Supreme Court held that "a notice to appear that omits the time or place of the initial hearing" does not fulfill this criterion and that therefore, the occupancy period of an immigrant who has received such a notice to appear has not necessarily ended for cancellation purposes. *Id.* at 2113–14.

In *Pierre-Paul*, we joined eight of our sister circuits in refusing to read *Pereira* to mean a notice to appear that failed to identify the initial hearing's time and date was invalid as a charging document. 930 F.3d at 689–90 (citations omitted). In *Pedroza-Rocha*, we applied *Pierre-Paul* to reverse the district court's dismissal of an indictment charging the defendant under § 1326 based on a finding that the notice to appear failed to satisfy *Pereira*. 933 F.3d at 492–93. We found that the notice to appear was not deficient and that any deficiency would not have deprived the immigration court of jurisdiction. *Id.* at 496–98.

*Pedroza-Rocha* is materially indistinguishable from the instant case. Summary disposition is therefore appropriate. *Groendyke Transp., Inc. v.*

*Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969) (summary disposition appropriate if "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

Accordingly, the Government's motion for summary disposition is GRANTED, and the judgment of the district court is REVERSED and REMANDED for further proceedings. The Government's alternative motion for an extension of time to file a brief is DENIED as moot.